1 | **FREEMAN MATHIS & GARY, LLP**
SEAN B. GIBBONS (SBN 263818)
2 | sean.gibbons@fmglaw.com
ELIZABETH Y. MU (SBN 328743)
3 | elizabeth.mu@fmglaw.com
1960 East Grand Avenue, Suite 1260
4 | El Segundo, California 90245
Telephone:  310-937-2066
5 | Facsimile:  833-317-0293

6 | Attorneys for Defendant,
CEDAR FAIR L.P., an Ohio corporation
7 | (*Erroneously sued as Knott's Berry Farm, LLC*)

8 | <center>**UNITED STATES DISTRICT COURT**</center>

9 | <center>**CENTRAL DISTRICT OF CALIFORNIA**</center>

10 |

| | |
|---|---|
| CELENA SHERMAN, an individual; JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN, | Case No. [Formerly Orange County Superior Court Case No. 30-2022-01283869-CU-PO-CJC] |
| Plaintiffs, | |
| vs. | **DECLARATION OF SEAN B. GIBBONS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT** |
| CITY OF BUENA PARK, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; KNOTT'S BERRY FARM, LLC, a California Limited Liability Company; DOES 1 through 20, inclusive, | |
| Defendants. | |

I, SEAN B. GIBBONS, declare and state as follows:

1.     I am an attorney licensed to practice in the State of California and am admitted to practice before the United States District Court for the Central District of California.  I am a partner with the law firm of Freeman Mathis & Gary, LLP.  This firm has been retained to represent Defendant CEDAR FAIR L.P., an Ohio corporation (*erroneously sued as "Knott's Berry Farm, LLC"*) ("Cedar Fair"), who has been named as a defendant in a civil matter venued in Orange County Superior Court of California as Case No. 30-2022-01283869-CU-PO-CJC ("State Court Action").

2.      I make this Declaration in support of Defendant Cedar Fair L.P.'s Notice of Removal to Federal Court Pursuant to 28 U.S.C. section 1441(b) [Diversity]. I have personal knowledge of the matters set forth in this Declaration, and if called upon to do so, I could and would testify competently to same.

3.      Attached as **Exhibit A** is a true and correct copy of Plaintiffs Celena Sherman and Jalen Sherman's Complaint, filed on September 27, 2022.

4.      Attached as **Exhibit B** is a true and correct copy of a Notice of Case Management Conference Hearing in State Court Action, dated October 6, 2022.

5.      Attached as **Exhibit C** is a true and correct copy of Plaintiffs' *Ex Parte* Application and Order for Appointment of Guardian Ad Litem on behalf of Jalen Sherman, a minor, dated October 12, 2022.

6.      Attached as **Exhibit D** is a true and correct copy of Plaintiffs' Summons of Defendant Knotts Berry Farm, LLC, in the state court action, dated October 14, 2022.

7.      Attached as **Exhibit E** is a true and correct copy of Plaintiffs' Request for Dismissal re City of Buena Park, dated December 28, 2022.

8.      Attached as **Exhibit F** is a true and correct copy of Plaintiffs and Co-Defendant City of Buena Park's Joint Stipulation re Dismissal of City of Buena Park, dated December 28, 2022.

9.      Attached as **Exhibit G** is a true and correct copy of Plaintiff's Case Management Statement, dated March 10, 2023.

10.      Attached as **Exhibit H** is a true and correct copy of Minute Order re Continuing Case Management Conference in the State Court Action, dated March 27, 2023.

11.      Attached as **Exhibit I** is a true and correct copy of Plaintiff's Proof of Service of Summons and the Complaint on Defendant Cedar Fair, L.P. (*erroneously sued as Knotts Berry Farm, LLP*), dated June 26, 2023.

/ / /

12.     Attached as **Exhibit J** is a true and correct copy of Defendant's Answer to Plaintiffs' Complaint, dated July 17, 2023.

13.     Attached as **Exhibit K** is a true and correct copy of Plaintiffs' Case Management Statement, dated December 22, 2023.

14.     Attached as **Exhibit L** is a true and correct copy of Plaintiffs' Request for Dismissal re Co-Defendant Orange County Sheriff's Department, dated December 22, 2023.

15.     Attached as **Exhibit M** is a true and correct copy of Cedar Fair's Certificate of Limited Partnership.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This Declaration was executed on January 5, 2024, in El Segundo, California.


_____
SEAN B. GIBBONS

# *EXHIBIT "A"*

Darren M. Richie, Esq. (SBN 316116)
*darren@dre.law*
Antonio Castillo III, Esq. (SBN 276891)
*antonio@dre.law*
Farbod Faizai, Esq. (SBN 304163)
*farbod@dre.law*
**DRE LAW, APC**
222 North Canon Drive, Suite 201
Beverly Hills, CA 90210
Tel: (213) 265-7888 | Fax: (844) 314-1380

Attorneys for Plaintiffs, CELENA SHERMAN and JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| CELENA SHERMAN, an individual; JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BUENA PARK, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; KNOTT'S BERRY FARM LLC, a California Limited Liability Company; and DOES 1 to 20, inclusive, <br><br> Defendants. | CASE NO.: 30-2022-01283869-CU-PO-CJC <br> **Assigned for All Purposes** <br> Judge Nico Dourbetas <br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> 1. **DISCRIMINATION – UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE §§ 51 ET SEQ.)** <br><br> 2. **RETALIATION – UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE §§ 51 ET SEQ.)** <br><br> 3. **NEGLIGENCE** <br><br> 4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br><br> 5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br><br> 6. **UNLAWFUL DETENTION (42 U.S.C. § 1983)** <br><br> 7. **FALSE IMPRISONMENT (42 U.S.C. § 1983)** <br><br> 8. **FALSE IMPRISONMENT** <br><br> **JURY TRIAL DEMANDED** |

1

Plaintiffs, CELENA SHERMAN (hereinafter, "Celena") and JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN (hereinafter, "Jalen") (collectively, "Plaintiffs"), by and through their attorneys of record, bring this Complaint against the above-named Defendants, and in support allege as follows:

## PARTIES

1.      Plaintiff Celena Sherman is an individual and is now, and at all times mentioned in this complaint was, a resident of West Hills, Los Angeles County, California.

2.      Plaintiff Jalen Sherman, a minor, by and through his Guardian Ad Litem, Celena Sherman, is now, and at all times mentioned in this complaint was, a resident of West Hills, Los Angeles County, California

3.      Defendant, City of Buena Park ("Buena Park") is a public entity, in the county of Orange, state of California.

4.      Defendant Orange County Sheriff's Department ("Sheriff's Department") is a public entity, in the county of Orange, state of California.

5.      Defendant Knott's Berry Farm LLC ("Knott's") is California Limited Liability Company and is now, and at all times mentioned in this complaint conducted business in the City of Buena Park, County of Orange, state of California.

6.      Plaintiffs sue Does 1 through 20, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When Plaintiffs ascertain the DOE defendants' true names and capacities, Plaintiffs will amend this complaint by inserting their true names and capacities. Plaintiffs are informed and believe, and on the basis of that information and belief alleges that each defendant named herein as a DOE acted with the other defendants and is responsible for the damages to Plaintiffs herein alleged. Each reference in this complaint to Defendants, or to any of them, also refers to all Defendants sued under fictitious names.

///

///

///

///

COMPLAINT FOR DAMAGES

7.      Plaintiffs are informed and believe, and on the basis of that information and belief allege that each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

8.      At all relevant times mentioned herein, Defendants aided and abetted the acts and omissions of the other Defendants in proximately causing the damages alleged herein.

9.      This action is brought pursuant to UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE §§ 51 ET SEQ.), which prohibits any business in California from engaging in unlawful discrimination against all persons within California's jurisdiction.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     On March 11, 2022, Plaintiffs filed a charge of discrimination against the County of Orange, with the California Department of General Services. A true and correct copy of the charge is attached to this complaint as **Exhibit A**, and is incorporated by reference. On March 23, 2022, Plaintiffs received a rejection notice from the County of Orange. A true and correct copy of the rejection notice is attached to this complaint as **Exhibit B** and is incorporated by reference.

11.     On March 11, 2022, Plaintiffs filed a charge of discrimination against the City of Buena Park. A true and correct copy of the charge is attached to this complaint as **Exhibit C**, and is incorporated by reference.

12.     To date, no response has been received from the City of Buena Park.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court pursuant to Section 410.10 of the Code of Civil Procedure and Section 395(a) of the Code of Civil Procedure because all of the claims alleged herein arose in Orange County.

14.     The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

**FACTUAL ALLEGATIONS**

15.     On September 21, 2021, Plaintiff Celena took her son, Plaintiff Jalen, for a day at defendant Knott's amusement park in Buena Park, County of Orange, California.

16.     What was supposed to be a nice day between Plaintiffs, a mother and her son, quickly turned into a humiliating ordeal.

17.     After ordering dinner, Plaintiff Celena presented a Knott's employee with a $100 dollar bill.

18.     Without any reason whatsoever, said employee accused Plaintiffs of presenting a fake $100 note. At no time did the employee even attempt to check the note with a pen, or other device meant to ascertain the note's authenticity.

19.     Instead, as is often the case when black and brown Americans are involved, there was an immediate bias, without the benefit of due process or common decency normally reserved for other Americans.

20.     Despite Plaintiff Celena's assurances that the bill was authentic and her cooperation with the employee, a supervisor was called. The supervisor, like his employee, decided that the bill was fake without performing any type of test to ascertain its authenticity. It appears that the main reason for defendants' discriminatory and harassing conduct was not the bill's authenticity but rather Plaintiffs' race.

21.     As if the humiliating treatment of Plaintiffs and the traumatizing experience for Jalen was not enough, Knott's employees called over law enforcement and private security (hereinafter "Knott's Security").  On information and belief, the law enforcement personnel involved was either the Orange County Sheriffs or the Buena Park Police (collectively hereinafter "Law Enforcement").

22.     Bewilderingly, Knott's Security and Law Enforcement immediately acted as though the Knott's employees outrageous and unsupported allegations were facts and continued the despicable discrimination and harassment Plaintiffs had already been subjected to.

23.     Knott's Security and Law Enforcement conducted a test using a pen to ascertain the authenticity of the bill and the test showed that the bill was in fact authentic, defendants were not yet done with their discriminatory treatment of Plaintiffs.

4

24.     In an effort to humiliate Plaintiffs further, Plaintiffs were taken to a bank inside Knott's where the $100 bill was authenticated by bank staff. After humiliating Celena in front of her child, who himself was traumatized by the incident, as well as in front of other park guests, Plaintiffs were held for over five (5) hours before Knott's allowed them to leave.

25.     Adding further insult and injury, Knott's offered Celena and her son a funnel cake coupon as compensation for the racism, harassment, and lengthy detainment that they had endured.

### FIRST CAUSE OF ACTION

**Racial Discrimination under Unruh Civil Rights Act**

**(CAL. CIV. CODE §§ 51 ET SEQ.)**

**(Against Knott's and Does 1 to 20)**

26.     Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as though fully set herein.

27.     The Unruh Civil Rights Act prohibits any business in California from engaging in unlawful discrimination against all persons within California's jurisdiction.

28.     As set forth in detail above, Plaintiffs are informed and believe, and on such information and belief allege Plaintiffs were subjected to discrimination based upon their African American descent. Plaintiffs also allege that the discrimination against them was part of a pattern and practice whereby Knott's ignored Plaintiffs civil rights with their unlawful racial discrimination and harassment and effectively ratified Knott's harassment of Plaintiffs.

29.     As a result of Knott's discriminatory acts on the basis of Plaintiffs' African American descent, Plaintiffs' civil rights were violated. Plaintiffs have suffered and continue to suffer substantial harm and damages, in an amount according to proof, which Plaintiffs are informed and believe and thereon allege are within the jurisdictional minimum of this court.

30.     As a further legal result of Knott's discriminatory conduct, Plaintiffs suffered and continue to suffer embarrassment, humiliation, and mental anguish, all to their damage in an amount according to proof.

///

31.     Plaintiffs are informed and believe, and on such information and belief allege that Knott's committed the racially discriminatory acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs from an improper and evil motive amounting to malice and in conscious disregard of Plaintiffs' rights.

32.     Knott's conduct was carried out by employees and managers of defendants, and whose acts and omissions authorized and ratified the discriminatory conduct. As a result of Knott's conduct, Plaintiffs are entitled to recover punitive damages from Knott's in an amount according to proof and commensurate with Knott's wealth.

## SECOND CAUSE OF ACTION

### Racially motivated Discrimination under Unruh Civil Rights Act

### (CAL. CIV. CODE §§ 51 ET SEQ.)

### (Against Knott's and Does 1 to 20)

33.     Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as though fully set herein.

34.     The Unruh Civil Rights Act prohibits any business in California from engaging in unlawful harassment against all persons within California's jurisdiction. At all times relevant hereto, it was unlawful for Knott's to allow the harassment to occur.

35.     Plaintiffs are informed and believe, and on such information and belief allege that not only did Knott's fail to prevent racial discrimination and harassment of Plaintiffs based on their African American descent, but instead encouraged, supported, and affirmed such actions.

36.     As a legal result of Knott's failure to prevent the racial harassment, and discrimination of Plaintiffs on the basis of Plaintiffs' African American descent, Plaintiffs have suffered and continue to suffer substantial harm, losses and damages in an amount according to proof, which Plaintiffs are informed and believe and thereon allege are within the jurisdictional minimum of this court.

37.     As a further legal result of Knott's failure to prevent racial harassment, and discrimination of Plaintiffs on the basis of their African American descent, Plaintiffs have suffered

and continue to suffer embarrassment, humiliation, and mental anguish, all to his damage in an amount according to proof.

38.     Plaintiffs are informed and believe, and on such information and belief allege that Knott's committed the racially discriminatory acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiffs' rights.

39.     Knott's conduct was carried out by employees and managers of Knott's, and whose acts and omissions authorized and ratified the discriminatory conduct. As a result of Knott's conduct, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof and commensurate with Knott's wealth.

## THIRD CAUSE OF ACTION

### Negligence

### (Against all Defendants)

40.     Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as though fully set herein.

41.     At all times mentioned in this Complaint, Defendants and DOES 1 to 20, inclusive, and each of them were responsible for supervising, maintaining, hiring, and managing other defendants or employees as identified herein.

42.     At all times mentioned in this Complaint, Defendants and DOES 1 to 20, inclusive, and each of them were responsible for the safety and well-being of the Plaintiffs.

43.     Law Enforcement Defendants, and each of their officers, had a duty to Plaintiffs under the high standards Law Enforcement protocol and failed to reasonably assess Plaintiffs' use of legal U.S. currency and instead perpetuated the racially-motivated bias and discrimination of Knott's and its employees in detaining plaintiffs for hours.

44.     Law Enforcement Defendants are liable to Plaintiff pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

///

45.     Knott's Defendants and DOES 1 to 20, inclusive, and each of them had a duty to prevent foreseeable harm related to visitors to Knott's Berry Farm.

46.     At all times mentioned in this Complaint, Knott's Defendants and DOES 1 to 20, inclusive, and each of them so negligently and carelessly racially mistreated Plaintiffs and called Law Enforcement and Knott's Security under false and racially biased pretenses, which made it foreseeable that Plaintiffs would suffer harm and did in fact result in harm to the Plaintiffs.

47.     As a proximate result of all Defendants and DOES 1 to 20, inclusive, and each of their negligence, Plaintiffs suffered injuries to their person through detainment, embarrassment, harassment, and severe emotional distress.

48.     As supervisors, employees, contractors and/or agents of Defendants, all staff involved in the incident, owed a duty of care to Plaintiffs.

49.     As a further direct and proximate result of the negligence, due to Defendants and DOES 1 to 20, inclusive, and each of them breach of their duty of care, Plaintiffs incurred substantial injuries.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

50.     Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as though fully set herein.

51.     All Defendants, and Does 1 to 20, inclusive, and each of them, had a duty to Plaintiffs to not illegally detain them, racially discriminate and harass them, or cause emotional distress.

///

///

///

///

///

///

52.     All Defendants, and Does 1 to 20, inclusive, and each of them, from their position of authority as Law Enforcement or their position as authority as managers and/or owners of the premises, engaged in outrageous and offensive conduct that they knew or should have known would result in severe emotional distress in Plaintiffs when they humiliated a mother and her young child in front of each other and other customers. All Defendants, and Does 1 to 20, inclusive, and each of them, in such extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress in Plaintiffs.

53.     The extreme and outrageous conduct of all Defendants, and Does 1 to 20, inclusive, and each of them, by humiliating Plaintiffs, was the actual and proximate cause of Plaintiffs' emotional distress.

54.     As a direct result of the breach of duty of all Defendants, and Does 1 to 20, inclusive, and each of them, Plaintiffs was forced to experience and suffer from intimidation, fear, embarrassment, severe emotional distress and mental anguish.

55.     All Defendants, and Does 1 to 20, inclusive, and each of them, knew that their conduct would result in Plaintiffs' severe emotional distress, and said conduct was perpetrated by All Defendants, and Does 1 to 20, inclusive, and each of them, with the intent to inflict, or with reckless disregard of the probability of inflicting humiliation, mental anguish, and severe emotional distress upon Plaintiffs. Such conduct did, in fact, result in severe emotional distress on Plaintiffs.

56.     As a further direct and proximate result of the conduct of All Defendants, and Does 1 to 20, inclusive, and each of them, Plaintiffs have suffered loss of peace of mind and have suffered shock, mental and emotional pain, distress and discomfort, all to their detriment and damage in amounts not fully ascertained but within the jurisdiction of the Court and subject to proof at the time of trial.

57.     Law Enforcement Defendants and DOES 1 to 20, inclusive, and each of them are liable to Plaintiff pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

58.     Knott's Defendants and DOES 1 to 20, inclusive, and each of them are subject to exemplary damages for the conduct delineated above.

**FIFTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against all Defendants)**

59.     Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as though fully set herein.

60.     All Defendants and DOE's 1 to 20, inclusive, and each of them, illegally detained and racially discriminated and harassed Plaintiffs.

61.     Plaintiff Jalen Sherman was present for all of the facts previously alleged and as a result of being present and perceiving his mother being illegally detained and racially discriminated and harassed against by all Defendants and DOE's 1 to 20, inclusive, and each of them, Jalen suffered serious emotional distress, including but not limited to anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

62.     Plaintiff Celena Sherman was present for all of the facts previously alleged and as a result of being present and perceiving her son being illegally detained and racially discriminated and harassed against by all Defendants and DOE's 1 to 20, inclusive, and each of them, Ms. Sherman suffered serious emotional distress, including but not limited to anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

63.     Plaintiffs experienced severe emotional distress from the actions and/or inactions of all Defendants and DOES 1 to 20, inclusive, and each of them. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it and any ordinary person would be unable to cope with seeing their mother or their son be racially harassed and discriminated against and be illegally detained.

64.     Law Enforcement Defendants, and DOES 1 to 20, inclusive, and each of them, are liable to Plaintiffs pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

///

///

///

1

**SIXTH CAUSE OF ACTION**

2

**Unlawful Detention**

3

**(42 U.S.C. § 1983)**

4

**(Against Law Enforcement and Does 1 to 20)**

5      65.      Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as

6 though fully set herein.

7      66.      Plaintiffs had a firmly established right under the Fourth Amendment to be free from

8 unreasonable seizure.

9      67.      A detention without reasonable suspicion that a citizen has committed a crime violated

10 the Fourth Amendment prohibition on unreasonable searches and seizure.

11     68.      Plaintiffs had committed no criminal offense or municipal offense when Law

12 Enforcement Defendants, and Does 1 to 20, inclusive, and each of them, detained them.

13     69.      Law Enforcement Defendants, and Does 1 to 20, inclusive, and each of them, knew

14 there was no basis for the detainment of Plaintiffs.

15     70.      Law Enforcement Defendants, and Does 1 to 20, inclusive, and each of them, acted

16 unreasonably in detaining Plaintiffs for a prolonged period.

17     71.      As a result of the action of Law Enforcement Defendants, and Does 1 to 20, inclusive,

18 and each of them, Plaintiffs suffered damages in the amount to be proven at trial.

19

20

**SEVENTH CAUSE OF ACTION**

21

**False Imprisonment**

22

**(42 U.S.C. § 1983)**

23

**(Against Law Enforcement and Does 1 to 20)**

24     72.      Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as

25 though fully set herein.

26     73.      Law Enforcement Defendants, and Does 1 to 20, inclusive, and each of them, detained

27 Plaintiffs for an unreasonable period of time after they knew or should have known that Plaintiffs had

28 committed no crimes.

74.     False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

75.     As a result of the action of Law Enforcement Defendants, and Does 1 to 20, inclusive, and each of them, Plaintiffs suffered damages in the amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### False Imprisonment

### (Against Knott's and Does 1 to 20)

76.     Plaintiffs reallege and incorporate by reference all paragraphs previously alleged as though fully set herein.

77.     Knott's Defendants and DOES 1 to 20, inclusive, each of them, while working as park personnel, supervisors, and/or security guards for Knott's and acting within the course and scope of their employment, intentionally deprived Plaintiffs of their freedom of movement by threats of force, menace, fraud, deceit, and unreasonable duress.

78.     Knott's Defendants and DOES 1 to 20, inclusive, and each of them, detained Plaintiffs without reasonable suspicion or probable cause. Plaintiffs did not knowingly or voluntarily consent to their detention.

79.     Plaintiffs did not feel that they were free to leave. By detaining/holding Plaintiffs, Knott's Defendants and DOES 1 to 20, inclusive, and each of them, deprived Plaintiffs of their liberty without justification.

80.     Further, Knott's Defendants and DOES 1 to 20, inclusive, and each of them, did not have probable cause to believe that Plaintiffs had committed any crime. The conduct of Knott's Defendants and DOES 1 to 20, inclusive, against Plaintiffs is a substantial factor in causing the Plaintiffs harm.

81.     The conduct of Knott's Defendants and DOES 1 to 20, inclusive, and each of them, malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs.

///

82.     As a result of their misconduct, Knott's Defendants and DOES 1 to 20, inclusive, and each of them, are liable for Plaintiffs' injuries.

83.     The conduct of Knott's Defendants and DOES 1 to 20, inclusive, and each of them, also amounts to oppression, fraud, or malice within the meaning of California Civil Code § 3294 et seq. and punitive damages should be assessed.

## **PRAYER**

**WHEREFORE** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     General damages in an amount according to proof;

2.     Special Damages in an amount according to proof;

3.     For exemplary damages;

4.     For such other and further relief as the Court deems just, necessary, and proper.


DATED: September 26, 2022                    **DRE LAW, APC**


By: _____
        ANTONIO CASTILLO, III, Esq.
        FARBOD FAIZAI, Esq.
        Attorney for Plaintiffs, CELENA SHERMAN
        and JALEN SHERMAN, a minor, by and through
        his Guardian Ad Litem, CELENA SHERMAN

# *EXHIBIT "B"*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Celena Sherman et.al. | |
| DEFENDANT: City of Buena Park et.al. | **Oct 6, 2022**<br>Clerk of the Superior Court<br>By: **K. FRUMENTO**, Deputy |
| Short Title: SHERMAN VS. CITY OF BUENA PARK | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>03/27/2023</u> at <u>09:00:00 AM</u> in Department <u>C14</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** SHERMAN VS. CITY OF BUENA PARK

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
|---|---|
| | **30-2022-01283869-CU-PO-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 10/06/2022. Following standard court practice the mailing will occur at Sacramento, California on 10/07/2022.

Clerk of the Court, by: _____ , Deputy

DRE LAW, APC
222 N CANON DRIVE # 201
BEVERLY HILLS, CA 90210

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure , § CCP1013(a)

*EXHIBIT "C"*

DocuSign Envelope ID: 6392AC70-909D-4EF1-A98C-8270F1D92176

Electronically Filed by Superior Court of California, County of Orange, 10/12/2022 04:24:00 PM.
30-2022-01283869-CU-PO-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

CIV-010

| | |
|---|---|
| **ATTORNEY** *(Name, State Bar number, and address):*<br>Antonio Castillo III (SBN 276891); Farbod Faizai (SBN 304163)<br>DRE LAW, APC<br>222 N Canon Drive, Suite 201, Beverly Hills, CA 90210<br><br>TELEPHONE NO.: (213) 265-7888    FAX NO. *(Optional):* (844) 314-1380<br>E-MAIL ADDRESS *(Optional):* antonio@dre.law; farbod@dre.law<br>ATTORNEY FOR *(Name):* Plaintiffs | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Dr.
MAILING ADDRESS: 700 Civic Center Dr.
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: CELENA SHERMAN, et al.
DEFENDANT/RESPONDENT: CITY OF BUENA PARK, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[x] EX PARTE | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Celena Sherman                                                    is
   a. [x] the parent of *(name):* Jalen Sherman
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Celena Sherman - 22858 Vose Street, West Hills, CA 91307 ; (818) 876-2034

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Jalen Sherman - 22858 Vose Street, West Hills, CA 91307 ; (818) 876-2034

4. The person to be represented is:
   a. [x] a minor *(date of birth):* September 27, 2014
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [x] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Applicant and minor, Jalen Sherman, were together at Knott's Berry Farm having dinner when Applicant attempted to pay for her bill with a $100 bill. The cashier at the time believed it was a fake bill and called law enforcement and security. Once an officer and/or security official arrived, he/she checked whether the bill was fake with a pen, and although the test revealed the bill to be real, the officer and/or security official claimed it was fake. Applicant and minor were then forced to go to the bank inside Knott's where the bill was taken behind closed doors. They were detained for five (5) hours until the officer and/or security official returned and acknowledged the bill was real.

   [ ] *Continued on Attachment 5a.*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT**<br>**OF GUARDIAN AD LITEM—CIVIL** | Code of Civil Procedure,<br>§ 372 et seq. |
|---|---|---|

CIV-010

| PLAINTIFF/PETITIONER:  CELENA SHERMAN, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CITY OF BUENA PARK, et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related *(state relationship):* Mother

b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐ Continued on Attachment 7.

Farbod Faizai, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  09/26/2022

Celena Sherman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date:  09/26/2022

Celena Sherman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):*  Celena Sherman

is hereby appointed as the guardian ad litem for *(name):*  Jalen Sherman
for the reasons set forth in item 5 of the application.

Date: 10/12/2022

_____        Judge Layne H. Melzer
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

Print this form     Save this form     Clear this form

# *EXHIBIT "D"*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF BUENA PARK, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; (Additional Parties form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CELENA SHERMAN, an individual; JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* CENTRAL JUSTICE CENTER<br><br>700 Civic Center Dr., Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2022-01283869-CU-PO-CJC<br><br>*Judge Nico Dourbetas* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Antonio Castillo III; DRE Law, APC; 222 North Canon Drive, Suite 201, Beverly Hills, CA 90210; (213) 265-7888

| DATE: 10/14/2022<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | V. Hammer | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

 under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| _ SHERMAN, et al. v. CITY OF BUENA PARK, et al. | 30-2022-01283869-CU-PO-CJC |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KNOTT'S BERRY FARM LLC, a California Limited Liability Company; and DOES 1 to 20, inclusive

Page  2  of  2

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons


www.ceb.com

# *EXHIBIT "E"*

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 316116 | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: Darren M. Richie / Antonio Castillo III (SBN 276891) / Alexis King (SBN 330071) | | |

FIRM NAME: DRE LAW, APC
STREET ADDRESS: 222 North Canon Drive, Suite 202
CITY: Beverly Hills     STATE: CA     ZIP CODE: 90210
TELEPHONE NO.: 213.265.7888     FAX NO.: 844.314.1380
E-MAIL ADDRESS: darren@dre.law / antonio@dre.law / alexis@dre.law
ATTORNEY FOR (Name): Plaintiffs Celena Sherman and Jalen Sherman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS: 700 Civic Center Drive
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

Plaintiff/Petitioner: Celena Sherman; Jalen Sherman by his G.A.L Celena Sherman
Defendant/Respondent: City of Buena Park

| REQUEST FOR DISMISSAL | CASE NUMBER: 30-2022-01283869-CU-PO-CJC |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice     (2) ☒ Without prejudice
   b. (1) ☐ Complaint     (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):                     on (date):
   (4) ☐ Cross-complaint filed by (name):                     on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* Plaintiffs' Complaint as to Defendant City of Buena Park only.

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: December 27, 2022

Alexis N. King, Esq.
_____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ *Alexis King*
_____
(SIGNATURE)

Attorney or party without attorney for:
☒ Plaintiff/Petitioner     ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶
_____
(SIGNATURE)

Attorney or party without attorney for:
☐ Plaintiff/Petitioner     ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested on (date): 12/28/2022
5. ☐ Dismissal entered on (date):                     as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed     ☐ means to return conformed copy

Date 12/28/2022     DAVID H. YAMASAKI, Clerk of the Court     Clerk, by _____ *M. Johnson* , Deputy     M. Johnson

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| Plaintiff/Petitioner: Celena Sherman; Jalen Sherman by his G.A.L Celena Sherman | CASE NUMBER: |
|---|---|
| Defendant/Respondent: City of Buena Park | 30-2022-01283869-CU-PO-CJC |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐  not recovering anything of value by this action.

   b. ☐  recovering less than $10,000 in value by this action.

   c. ☐  recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*

3. ☐  All court fees and court costs that were waived in this action have been paid to the court  *(check one):*     Yes        No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____          ►  _____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

**REQUEST FOR DISMISSAL**

File No. 1004-32

1

## PROOF OF SERVICE

2

**Sherman v. City of Buena Park, et al.**
**Case No.: 30-2022-01283869-CU-PO-CJC**

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

5 At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

6

7 On December 28, 2022, I served true copies of the following document(s) described as:

8 **PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT CITY OF BUENA PARK ONLY**

9 I served the documents on the interested parties in this action as follows:

10 Darren M. Richie, Esq. (SBN 316116)     *Attorneys for Plaintiffs,*
darren@dre.law

11 Antonio Castillo III, Esq. (SBN 276891)    CELENA SHERMAN and JALEN
antonio@dre.law                                             SHERMAN, a minor, by and through his

12 Farbod Faizai, Esq. (SBN 304163)          Guardian Ad Litem, CELENA SHERMAN
farbod@dre.law

13 DRE LAW, APC
222 North Canon Drive, Suite 201

14 Beverly Hills, CA 90210
Tel: (213) 265-7888 | Fax: (844) 314-1380

15

16 **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

17 document(s) to be sent from e-mail address mgrande@everettdorey.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20 Executed on December 28, 2022, at Irvine, California.

21

22                                                                  /s/ Mikayla Grande

23                                                              Mikayla Grande

24

25

26

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

*EXHIBIT "F"*

Case 30-2022-01283869-CU-PO-CJC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By M. Johnson, Deputy Clerk.
Electronically Filed by Superior Court of California, County of Orange, 12/28/2022 04:47:09 PM.
Page 32 of 77 Page ID #:45

Darren M. Richie, Esq. (SBN 316116)
*darren@dre.law*
Antonio Castillo III, Esq. (SBN 276891)
*antonio@dre.law*
Alexis King, Esq. (SBN 330071)
*alexis@dre.law*
**DRE LAW, APC**
222 North Canon Drive, Suite 201
Beverly Hills, CA 90210
Tel: (213) 265-7888 | Fax: (844) 314-1380

**[Exempt From Filing Fee
Government Code § 6103]**

Attorneys for Plaintiffs, CELENA SHERMAN and JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN

**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
 severett@everettdorey.com
Kevin J. Hernandez, SBN 306323
 khernandez@everettdorey.com
Allyson Oishi, SBN 328530
 aoishi@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
CITY OF BUENA PARK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE

| | |
|---|---|
| CELENA SHERMAN, an individual; JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BUENA PARK, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; KNOTT'S BERRY FARM LLC, a California Limited Liability Company; and DOES 1 to 20, inclusive, <br><br> Defendants. | CASE NO.: 30-2022-01283869-CU-PO-CJC <br><br><br> **JOINT STIPULATION OF DISMISSAL OF DEFENDANT CITY OF BUENA PARK WITHOUT PREJUDICE** |

1

1  TO THE HONORABLE COURT, THE CLERK OF THE COURT, ALL PARTIES, AND

2  THEIR ATTORNEYS OF RECORD:

3  Plaintiff, CELENA SHERMAN and JALEN SHERMAN, a minor, by and through his

4  Guardian Ad Litem, CELENA SHERMAN (collectively "PLAINTIFF") and Defendant CITY OF

5  BUENA PARK ("DEFENDANT"), by and through their attorneys, respectfully jointly agree and

6  stipulate that:

7  1.  Defendant CITY OF BUENA PARK was never called to respond to the September 11, 2021

8  incident at Knott's Berry Farm Amusement Park that is the subject of Plaintiff's Complaint ("Subject

9  Incident") (See, Decl. of Mario Escamilla). Sergeant Mario Escamilla of Buena Park Police

10  Department investigated PLAINTIFF's claims that Buena Park Police Officers were involved in the

11  Subject Incident, and based on his investigations, concluded that Buena Park Police Officers were

12  never dispatched and did not respond to the Subject Incident. (See, id.)

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

2.   PLAINTIFF and DEFENDANT stipulate to the dismissal without prejudice of Defendant CITY OF BUENA PARK in the above-captioned action. DEFENDANT will bear all costs incurred with filing the December 28, 2022 request for dismissal form dismissing Defendant CITY OF BUENA PARK without prejudice. DEFENDANT will also furnish PLAINTIFF with a conformed copy of said Dismissal.

DATED: December 28, 2022          **DRE LAW, APC**

                                  By:   /s/ Alexis King
                                       ANTONIO CASTILLO, III, Esq.
                                       ALEXIS KING, Esq.
                                       Attorney for Plaintiffs, CELENA SHERMAN
                                       and JALEN SHERMAN, a minor, by and through
                                       his Guardian Ad Litem, CELENA SHERMAN


DATED: December 28, 2022          **EVERETT DOREY, LLP**

                                  By: _____
                                       SEYMOUR B. EVERETT, III, Esq.
                                       KEVIN J. HERNANDEZ, Esq.
                                       ALLYSON OISHI, Esq.
                                       Attorney for Defendant CITY OF BUENA PARK

3

File No. 1004-32

## DECLARATION OF MARIO ESCAMILLA

I, MARIO ESCAMILLA, do hereby declare as follows:

1.      I am over the age of 18 and I am not a party to the above-entitled lawsuit.  I am personally familiar with the facts set forth in this Declaration and, if called as a witness, I could and would competently testify to the truth of the matters set forth in this Declaration.

2.      I am currently employed with the Buena Park Police Department as the Professional Standards Sergeant in the Professional Standards Unit.

3.      I am familiar with a civil lawsuit filed by Plaintiff Celena Sherman and Plaintiff Jalen Sherman's (hereinafter collectively "Plaintiffs") wherein Plaintiffs make various claims against the City of Buena Park ("Defendant") related to an alleged September 11, 2021 incident at Knott's Berry Farm Amusement Park, located at 8039 Beach Blvd, Buena Park, CA 90620 ("Subject Incident"). The Buena Park Police Department first became aware of the Subject Incident when Defendant received Plaintiffs' Claim for Damages on March 15, 2022.

4..      As the Buena Park Police Department's Professional Standards Sergeant, I personally investigated Plaintiffs' claims that Buena Park Police Officers were involved in the Subject Incident following receipt of Plaintiffs' Claim for Damages.

5.      In the regular course of its business, when the Buena Park Police Department receives calls to respond to an incident or prepares reports following responses to an incident,  records of all such incidents and reports are created and kept within the Buena Park Police Department's Spillman Database at or around the time of the related incidents.  As part of my investigation, I personally conducted a search in the Buena Park Police Department's Spillman Database in order to determine whether any Buena Park Police Officers were involved in the Subject Incident. My database search confirmed (1) the Buena Park Police Department did not receive any service calls regarding the Subject Incident; (2) no Buena Park police officers were dispatched to the Subject Incident; (3) no Buena Park Police Officers responded to the Subject Incident; and (4) there were no records or any reports in the database regarding the Subject Incident.

6.      In the regular course of its business, Buena Park Police Department generates Daily

**PROOF OF SERVICE**

4867-0867-1814.1

File No. 1004-32

Rosters which, in part, reflect where particular City police officers are assigned to patrol. These Daily Roster records are created at or around the time patrol assignments are made. The Buena Park Police Department's Daily Roster from September 11, 2021, shows that four (4) Buena Park Police Officers were assigned to patrol Knott's Berry Farm on that day. Buena Park Police Officers are typically equipped with body worn cameras which are typically activated when officers are responding to calls for service. The four police officers who were assigned to Knott's Berry Farm on September 11, 2021 were equipped with body worn cameras while they were patrolling that day. I personally reviewed footage from September 11, 2021 for the body worn cameras of the four officers who were assigned to Knott's Berry Farm to determine whether any of the officers responded to the Subject Incident. My review of the body worn camera footage confirmed that none of the assigned officers had any contact with the Plaintiffs and none of the assigned officers responded to the Subject Incident.

7.      I personally spoke with Knott's Berry Farm's Security Supervisor, Sean Williamson, to further investigate the Subject Incident and Buena Park Police Officers involvement. Mr. Williamson confirmed he had a record of the Subject Incident in the Knott's Berry Farm's security database and was able to confirm that Knott's Berry Farm security officials handled the entire investigation of the Subject Incident internally. Mr. Williamson further stated that Buena Park Police Officers were never called to investigate any portion of the Subject Incident.

8.      Based on my investigations into the Subject Incident, it is clear that Buena Park Police Officers were never dispatched to and did not respond to the Subject Incident.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on this  29th day of November, 2022, in Buena Park, California.

_____

MARIO ESCAMILLA

4867-0867-1814.1

File No. 1004-32

**PROOF OF SERVICE**

**Sherman v. City of Buena Park, et al.**
**Case No.: 30-2022-01283869-CU-PO-CJC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On December 28, 2022, I served true copies of the following document(s) described as:

**JOINT STIPULATION OF DISMISSAL OF DEFENDANT CITY OF BUENA PARK WITHOUT PREJUDICE**

I served the documents on the interested parties in this action as follows:

| | |
|---|---|
| Darren M. Richie, Esq. (SBN 316116) darren@dre.law Antonio Castillo III, Esq. (SBN 276891) antonio@dre.law Farbod Faizai, Esq. (SBN 304163) farbod@dre.law DRE LAW, APC 222 North Canon Drive, Suite 201 Beverly Hills, CA 90210 Tel: (213) 265-7888 \| Fax: (844) 314-1380 | *Attorneys for Plaintiffs,* CELENA SHERMAN and JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address mgrande@everettdorey.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2022, at Irvine, California.

_____
/s/ Mikayla Grande
Mikayla Grande

4867-0867-1814.1

# *EXHIBIT "G"*

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>Antonio Castillo III, Esq. (SBN 276891)<br>Alexis King, Esq. (SBN 330071)<br>DRE, A.P.C.<br>222 N Canon Drive, Ste. 201, Beverly Hills, CA 90210<br>TELEPHONE NO.: (213) 265-7888　　FAX NO.*(Optional)*: (844) 314-1380<br>E-MAIL ADDRESS: antonio@dre.law; alexis@dre.law<br>ATTORNEY FOR *(Name):* Plaintiffs | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS: 700 W. Civic Center Drive
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: CELENA SHERMAN, et al.

DEFENDANT/RESPONDENT: CITY OF BUENA PARK, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**　☐ **LIMITED CASE**<br>　(Amount demanded　　(Amount demanded is $25,000<br>　exceeds $25,000)　　or less) | 30-2022-01283869-CU-PO-CJC |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: March 27, 2023　　Time: 9:00 a.m.　Dept.: C25　　Div.:　　Room:
Address of court *(if different from the address above):*

☒　**Notice of Intent to Appear by Telephone, by *(name):*** Alexis King, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Plaintiffs CELENA SHERMAN and JALEN SHERMAN
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 27, 2022
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☒ The following parties named in the complaint or cross-complaint
      (1) ☒ have not been served *(specify names and explain why not):*
         Knott's Berry Farm LLC and Orange County Sheriff's Department
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in　☒ complaint　☐ cross-complaint　*(Describe, including causes of action):*
      Discrimination - Unruh Civil Rights Act (Cal. Civ. Code Sections 51 et seq.);
      Retaliation - Unruh Civil Right Act (Cal. Civ. Code Sections 51 et seq.); Negligence;
      Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional
      Distress; Unlawful Detention; False Imprisonment (42 U.S.C. 1983); False Imprisonment

Page 1 of 5

CEB│Essential
ceb.com│Forms

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: CELENA SHERMAN, et al.<br><br>DEFENDANT/RESPONDENT: CITY OF BUENA PARK, et al. | 30-2022-01283869-CU-PO-CJC |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

> While with her son at Knott's Berry Farm, Plaintiff Celena Sherman had dinner at one of the amusement park's restaurants. Plaintiff proceeded to pay for her meal with a $100 dollar bill and, without any reason, was accused of presenting a fake bill. Law enforcement was called over and Plaintiffs were detained for five hours until it was

☒ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request  ☒ a jury trial.  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
   a.   ☐   The trial has been set for *(date):*
   b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   ☐   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
   a.   ☒   days *(specify number):*  5-7 days
   b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:                                      f.   Fax number:
   e.   E-mail address:                                          g.   Party represented:
   ☐   Additional representation is described in Attachment 8.

9.   **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
   a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
      (1)   For parties represented by counsel: Counsel   ☒ has   ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2)   For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.
   b.   **Referral to judicial arbitration or civil action mediation** (if available).
      (1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CEB | Essential Forms<br>ceb.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: CELENA SHERMAN, et al.<br><br>DEFENDANT/RESPONDENT: CITY OF BUENA PARK, et al. | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |

10.  c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
     have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CEB
ceb.com | Essential Forms

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: CELENA SHERMAN, et al.<br><br>DEFENDANT/RESPONDENT: CITY OF BUENA PARK, et al. | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |

11. **Insurance**
   a. ◯ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ◯ Yes ◯ No
   c. ◯ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ◯ Bankruptcy ◯ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ◯ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ◯ Additional cases are described in Attachment 13a.
   b. ◯ A motion to ◯ consolidate ◯ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ◯ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ◯ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ◯ The party or parties have completed all discovery.
   b. ⊗ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|
   | Plaintiffs | Written Discovery | September 2023 |
   | Plaintiffs | Depositions | September 2023 |
   | Plaintiffs | Expert Depositions | Per Code |

   c. ◯ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CEB Essential
ceb.com Forms

**CM-110**

| PLAINTIFF/PETITIONER: CELENA SHERMAN, et al.<br><br>DEFENDANT/RESPONDENT:  CITY OF BUENA PARK, et al. | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |
|---|---|

17. **Economic litigation**

   a. ⬭ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ⬭ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

  ⬭ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ⊗ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*   The parties have not had the opportunity to meet and confer.

   b. ⬭ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20.  Total number of pages attached *(if any):*   1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  March 10, 2023

Alexis King, Esq.
_____
(TYPE OR PRINT NAME)

▶  *aKing*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

⬭ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

CEB | Essential
ceb.com | Forms

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SHERMAN, et al. v. CITY OF BUENA PARK, et al. | 30-2022-01283869-CU-PO-CJC |

**ATTACHMENT** (*Number*): 4b

*(This Attachment may be used with any Judicial Council form.)*

determined that the $100 dollar bill was in fact authentic.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 6 **of** 6

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

*EXHIBIT "H"*

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/27/2023                    TIME: 09:00:00 AM          DEPT:  C25
JUDICIAL OFFICER PRESIDING: Nico Dourbetas
CLERK: N. Lau
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: A. Lo

CASE NO: **30-2022-01283869-CU-PO-CJC**     CASE INIT.DATE: 09/27/2022
CASE TITLE: **Sherman vs. City of Buena Park**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73861485
**EVENT TYPE:** Case Management Conference
MOVING PARTY: Jalen Sherman, Celena Sherman
CAUSAL DOCUMENT/DATE FILED: Complaint, 09/27/2022

---

**APPEARANCES**
Alex King, from DRE LAW, APC, present for Plaintiff(s) remotely.

Hearing held, all participants appearing remotely.

Appearances are as noted above. There is no appearance by Defendants.

Discussion held on proof of service.

The Court rules as follows:

Case Management Conference continued from 03/27/2023 to 01/08/2024 at 09:00 AM in Department C25.

Court orders Plaintiff to give notice.

---

# *EXHIBIT "I"*

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>ANTONIO CASTILLO III, ESQ. (SBN 276891)<br>**DRE LAW, APC**<br>222 N. CANON DRIVE, SUITE 201<br>BEVERLY HILLS, CA 90210<br>   TELEPHONE NO.: (213) 265-7888    FAX NO. *(Optional)*: (844) 314-1380<br>E-MAIL ADDRESS *(Optional)*: antonio@dre.law<br>ATTORNEY FOR *(Name)*: PLAINTIFFS | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>  STREET ADDRESS:  700 CIVIC CENTER DRIVE<br>  MAILING ADDRESS:  SAME AS ABOVE<br>  CITY AND ZIP CODE:  SANTA ANA, CA 92701<br>  BRANCH NAME:  CENTRAL JUSTICE CENTER |

| | |
|---|---|
| PLAINTIFF/PETITIONER: CELENA SHERMAN, an individual; et al.<br>DEFENDANT/RESPONDENT: CITY OF BUENA PARK, a public entity, et al. | CASE NUMBER:<br>**30-2022-01283869-CU-PO-CJC** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>DRELAW-0170806.GE |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Plaintiffs' Complaint
   c. ☑ Alternative Dispute Resolution (ADR) Information Package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ Other *(specify documents)*: [CIV-010] APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM-CIVIL - EX PARTE

3. a. Party served *(specify name of party as shown on documents served)*:
      KNOTT'S BERRY FARM LLC, a California Limited Liability Company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CSC LAWYERS INCORPORATING SERVICES, AGENTS FOR SERVICE By leaving with KOY SAECHAO, AUTHORIZED TO ACCEPT

4. Address where the party was served: 2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 06/20/2023   (2) at *(time)*: 2:42 PM
   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   **or** ☐ a declaration of mailing is attached.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: CELENA SHERMAN, an individual; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITY OF BUENA PARK, a public entity, et al. | 30-2022-01283869-CU-PO-CJC |

**(5)** ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   **(1)** on *(date):*             **(2)** from *(city):*

   **(3)** ☐ with two copies of the *Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

   **(4)** ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  KNOTT'S BERRY FARM LLC, a California Limited Liability Company
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: LIMITED LIABILITY COMPANY |

7. **Person who served papers**
  a. Name:  ROBERT J. MASON
  b. Address:  PO Box 861057, Los Angeles, California 90086
  c. Telephone number:  (213) 975-9850
  d. **The fee** for service was: $ 185.00
  e. I am:
    **(1)** ☐ not a registered California process server.
    **(2)** ☐ exempt from registration under Business and Professions Code section 22350(b).
    **(3)** ☑ registered California process server.
      **(i)** ☐ owner  ☐ employee  ☑ independent contractor
      **(ii)** Registration No.: 03-007
      **(iii)** County:  PLACER

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 6/21/2023

     ROBERT J. MASON  ▶
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

*EXHIBIT "J"*

1 | **FREEMAN MATHIS & GARY, LLP**
SEAN B. GIBBONS (SBN 263818)
2 | sean.gibbons@fmglaw.com
ELIZABETH Y. MU (SBN 328743)
3 | elizabeth.mu@fmglaw.com
1960 East Grand Avenue, Suite 1260
4 | El Segundo, California 90245
Telephone: 301.937.2066
5 | Facsimile: 833.317.0293

6 | Attorneys for Defendant,
KNOTT'S BERRY FARM, LLC.
7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ORANGE**

10

11 | CELENA SHERMAN, an individual; JALEN SHERMAN, a minor, by and through his
12 | Guardian Ad Litem, CELENA SHERMAN,

13 | Plaintiffs,

14 | vs.

15 | CITY OF BUENA PARK, a public entity;
ORANGE COUNTY SHERIFF'S
16 | DEPARTMENT, a public entity; KNOTT'S
BERRY FARM, LLC, a California Limited
17 | Liability Company; DOES 1 through 20,
inclusive;
18

19 | Defendants.

Case No. 30-2022-01283869-CU-PO-CJC

Judge: Hon. Nick A. Dourbetas
Dept.: C25

**DEFENDANT KNOTTS BERRY FARM, LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

Complaint Filed: September 27, 2022
Trial Date: None set

20

21 | Defendant KNOTT'S BERRY FARM, LLC ("Knotts" or "Defendant"), for itself and for no

22 | others, hereby answers the unverified Complaint ("Complaint") filed by Plaintiffs CELENA

23 | SHERMAN ("Ms. Sherman") and JALEN SHERMAN ("Mr. Sherman;" each a "Plaintiff;"

24 | collectively "Plaintiffs") in the above-captioned action, denying and alleging as follows:

25 | **GENERAL DENIAL**

26 | Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant denies, both

27 | generally and specifically, each and every allegation and cause of action stated against it in the

28 | Complaint. In addition, Defendant denies that Plaintiffs have sustained, or will sustain, any loss or

-1-

damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

In addition to the foregoing General Denial, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Defendant Has Not Violated the Unruh Act)

As a separate and distinct affirmative defense, and while denying each and every allegation therein, Defendant alleges that the Complaint, and each and every cause of action alleged therein, cannot be maintained because Defendant, Defendant's employees, Defendant's agents, and any other individual for whose conduct Defendant is responsible, and each of them, and all of them, and any of them, did not violate the Unruh Civil Rights Act in that Plaintiffs, whether individually, collectively, or otherwise, were not subject to racial discrimination or other unlawful discrimination at any business establishment owned or operated by Defendant, or by any business establishment related, associated, or affiliated with Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint Defendant alleges that Plaintiffs, and each of them, and either of them, lack standing to maintain some or all of the causes of action alleged in the Complaint.

/ / /

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Party)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that Plaintiff's claims should be dismissed insofar as the Complaint does not name the owner/operator of the amusement park named in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred in whole or in part pursuant to the applicable statutes of limitation.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Compensable Emotional Distress)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that Plaintiffs' claims for emotional distress are barred in that Defendant's conduct toward Plaintiffs, and each of them, and either of them, was not outrageous, and/or was not intended to cause emotional distress, and/or that Defendant did not act with reckless intent to cause emotional distress, in that (without limitation) Defendant's conduct was appropriate and justified under California law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Privileged Conduct by Defendant)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that Plaintiffs' claims, and each of them, and all of them, are barred to the extent that the conduct complained of in the Complaint, to the extent that it occurred at all, was lawful, proper, and fair, and was authorized, permitted, excused, and/or otherwise non-actionable as privileged conduct by Defendant, including but not limited to the "shopkeeper's privilege."

/ / /

/ / /

Freeman Mathis
& Gary, LLP
Attorneys at Law

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Unlawful Activity Toward Plaintiffs)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that its actions toward Plaintiffs, and each of them, and either of them, were taken for reasons other than Plaintiff's membership in any protected class, and were neither improper nor unlawful.

**NINTH AFFIRMATIVE DEFENSE**

**(No Act or Omission by Defendant)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant denies that the injuries or damages complained of by Plaintiff, if any, were not due to or caused by any act or omission by Defendant. Defendant denies that it violated the Unruh Civil Rights Act, the United States Code, and/or any applicable law or regulation.

**TENTH AFFIRMATIVE DEFENSE**

**(Unlawful Acts Outside Scope of Actor's Employment)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that any unlawful or other wrongful acts attributed by Plaintiffs to employees of Defendant were outside the course and scope of the employment of the employee(s) so identified, and that such acts, if they occurred at all, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Defendant's Conduct Was Reasonable and In Good Faith/Not Willful)**

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that the Complaint, and each cause of action therein, cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the Unruh Civil Rights Act, the United States Code, or any other action taken with regard to Plaintiffs was an act or omission made in good faith, and that in participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not in violation of the Unruh Civil Rights Act, the United States Code, or any other applicable law.

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(Defendant's Performance of Duties)**

3        As a separate and distinct affirmative defense, and while denying each and every allegation

4 in the Complaint, Defendant alleges that the Complaint, and each cause of action therein, is/are barred

5 because Defendant fully performed any and all duties, whether contractual, statutory, or otherwise,

6 that Defendant owed to Plaintiffs under applicable law.

7

**THIRTEENTH AFFIRMATIVE DEFENSE**

8

**(Estoppel)**

9        As a separate and distinct affirmative defense, and while denying each and every allegation

10 in the Complaint, Defendant alleges that the damages allegedly suffered by Plaintiffs, if any, were

11 directly or proximately caused by the actions of Plaintiffs, and that at all times relevant herein,

12 Plaintiffs failed to take action that prudent persons under the same and similar circumstances would

13 have taken, and/or that Plaintiffs took action that that prudent persons under the same and similar

14 circumstances would not have taken, and that if Defendant committed any wrongful act at all (which

15 supposition is made solely for the purpose of Defendant's defense without admitting such to be fact),

16 the aforesaid conduct of Plaintiffs and/or entities or persons or persons associated in any manner with

17 Plaintiffs contributed to the happenings of Plaintiffs' alleged damages.   Plaintiffs are thereby

18 estopped from asserting the claims set forth in the Complaint.

19

**FOURTEENTH AFFIRMATIVE DEFENSE**

20

**(Plaintiffs' Consent)**

21        As a separate and distinct affirmative defense, and while denying each and every allegation

22 in the Complaint, Defendant alleges that Plaintiffs acknowledged, ratified, consented to, and/or

23 acquiesced in some or all of the alleged acts or omissions, if any, alleged in the Complaint, thus

24 barring Plaintiffs' recovery.

25

**FIFTEENTH AFFIRMATIVE DEFENSE**

26

**(Release)**

27        As a separate and distinct affirmative defense, and while denying each and every allegation

28 in the Complaint, Defendant is informed and believes, and based thereon alleges, that to the extent

Freeman Mathis
& Gary, LLP
Attorneys at Law

1   that Plaintiffs made oral and/or written representations absolving Defendant of any, some, or all of

2   the alleged wrongful acts set forth in the Complaint, which Defendant denies, such promises

3   constitute a release encompassing some or all of the claims alleged in the Complaint, and those claims

4   are barred by that release.

5   **SIXTEENTH AFFIRMATIVE DEFENSE**

6   **(No Injury)**

7   As a separate and distinct affirmative defense, and while denying each and every allegation

8   in the Complaint, Defendant alleges that Plaintiffs' claims should be dismissed because Plaintiffs

9   have suffered no actual injury.

10   **SEVENTEENTH AFFIRMATIVE DEFENSE**

11   **(Failure to Mitigate Damages)**

12   As a separate and distinct affirmative defense, and while denying each and every allegation

13   in the Complaint, Defendant alleges that, to the extent that Plaintiffs claim any entitlement to recover

14   alleged damages from Defendant, Plaintiffs failed to use reasonable care to mitigate, or attempt to

15   mitigate, and/or to reduce as much as reasonably possible the alleged damages, if any.

16   **EIGHTEENTH AFFIRMATIVE DEFENSE**

17   **(Unjust Enrichment)**

18   As a separate and distinct affirmative defense, and while denying each and every allegation

19   in the Complaint, Defendant alleges that Plaintiffs have not suffered any losses, and Plaintiffs are

20   seeking to recover more than what they are entitled to recover, whereby Plaintiffs would be unjustly

21   enriched.

22   **NINETEENTH AFFIRMATIVE DEFENSE**

23   **(Offset)**

24   As a separate and distinct affirmative defense, and while denying each and every allegation

25   in the Complaint, Defendant alleges that, to the extent that Plaintiffs were injured as a result of

26   Defendant's actions or inactions, which Defendant denies, the amount of these damages must be

27   offset by any recovery that  the damages Defendant suffered as a result of Plaintiff's actions.

28   */ / /*

Freeman Mathis
& Gary, LLP
Attorneys at Law

## TWENTIETH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that the damages referred to by Plaintiffs in the Complaint were proximately contributed to or caused by the carelessness, negligence, fault or defects created by other persons or entities unknown to Defendant at this time, and/or who were beyond and outside the control of Defendant, and were not caused in any way by Defendant, or by persons for whom Defendant is liable for these reasons specified herein and for other reasons to be proven at the time of trial.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Third-Party Intervention)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that the Complaint, and each and every cause of action alleged therein, cannot be maintained because and/or to the extent that the injuries to Plaintiffs, which Defendant denies, were caused, in whole or in part, by persons or entities other than Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Trespass: Fraudulent Intent to Gain Access)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that Plaintiffs' claims are barred because Plaintiffs gained access to Defendant's property based on fraudulent intent, in that Plaintiffs' intent was to engineer the circumstances alleged in the Complaint, which Defendant denies, or to engineer such similar circumstances as could be made the subject of a lawsuit.  As such, Plaintiffs were unlawful trespassers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Trespass: Refusal to leave After Lawful Request)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that Plaintiffs' claims are barred to the extent that any harm that Plaintiffs suffered occurred following, and/or was a direct and proximate result of their refusal to

Freeman Mathis
& Gary, LLP
Attorneys at Law

1    abide by a lawful request made by Defendant and/or Defendant's agents and/or employees to leave

2    the premises and Plaintiffs' refusal to do so, thereby rendering Plaintiffs unlawful trespassers.

3    <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

4    **(Unclean Hands)**

5    As a separate and distinct affirmative defense, and while denying each and every allegation

6    in the Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean

7    hands.

8    <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

9    **(Waiver)**

10   As a separate and distinct affirmative defense, and while denying each and every allegation

11   in the Complaint, Defendant alleges that the Complaint, and each and every cause of action therein,

12   is barred, in whole or in part, by the doctrine of waiver.

13   <u>**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</u>

14   **(Laches)**

15   As a separate and distinct affirmative defense, and while denying each and every allegation

16   in the Complaint, Defendant alleges that the Complaint, and each and every cause of action therein,

17   is barred, in whole or in part, by the doctrine of laches

18   <u>**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</u>

19   **(No Punitive Damages)**

20   As a separate and distinct affirmative defense, and while denying each and every allegation

21   in the Complaint, Defendant alleges that Plaintiffs are not entitled to recover punitive damages

22   because Defendant implemented and at all times implemented and maintained a *bona fide* policy

23   against discrimination, harassment, and other unlawful activity of the type alleged in the Complaint,

24   and Defendant is therefore not liable for punitive damages based on the alleged misconduct of

25   Defendant's employees.

26   / / /

27   / / /

28   / / /

Freeman Mathis
& Gary, LLP
Attorneys at Law

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Duty)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that it owed no duty to Plaintiffs under the facts alleged in the Complaint, and therefore, cannot be held liable to Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that Plaintiffs were careless and/or negligent in and about the matters alleged in the Complaint, and said carelessness and/or negligence on part of Plaintiffs, individually or jointly, proximately caused or contributed to the happening of the accident and to the injuries, loss and/or damages, if any, alleged to have been sustained by Plaintiffs.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Causation)

Any, negligence, strict liability or other fault, act or omission on the part of Defendant, if any, was neither the cause-in-fact nor the proximate cause of the alleged damages or liabilities of Plaintiffs, if any.  Rather, any such alleged breaches, acts, or omissions, if any, were only secondary, inconsequential, and indirect, and in no way contributed to or caused the alleged damages or liabilities of Plaintiffs, if any.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Sham Defendants)

As a separate and distinct affirmative defense, and while denying each and every allegation in the Complaint, Defendant alleges that codefendants City of Buena Park and Orange County Sheriff's Department have been improperly named and served in this action for the purpose of impermissibly defeating Federal jurisdiction in this matter, and that Plaintiffs, as residents/citizens of California, and this answering Defendant, as a Delaware Limited Liability Company, would otherwise be required to litigate this action in Federal Court, and to the extent that codefendants City of Buena Park and Orange County Sheriff's Department are not and were not involved in the events

Freeman Mathis
& Gary, LLP
Attorneys at Law

underlying this litigation, Plaintiffs included codefendants City of Buena Park and Orange County Sheriff's Department in this litigation for the purpose of defeating diversity.  Defendant further alleges that Plaintiffs, who are represented by counsel, knew or should have known that "Knotts Berry Farm, LLC" is a Delaware Limited Liability Company and not a California Limited Liability Company as alleged in the Complaint, and that Plaintiffs either deliberately or negligently identified "Knotts' Berry Farm, LLC" as a California Limited Liability Company for the purpose of improperly defeating Federal jurisdiction.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Other and Unknown Defenses)

As a separate and distinct affirmative defense, Defendant states that it does not presently know all of the facts concerning the conduct of Plaintiffs sufficient to set forth all appropriate affirmative defenses at the time of submission of this Answer.  Should Defendant later discover facts demonstrating the existence of additional affirmative defenses, Defendant will seek leave of the Court to amend this Answer accordingly.

### PRAYER

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiffs take nothing from Defendant by this Complaint, and that the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiffs;

3. That Defendant be awarded costs of suit and reasonable attorneys' fees incurred herein; and

4. That this Court grant such other and further relief as it deems just and proper.

Dated: July 17, 2023

**FREEMAN MATHIS & GARY, LLP**

By: _____

SEAN B. GIBBONS
Attorneys for Defendant
KNOTT'S BERRY FARM, LLC

**PROOF OF SERVICE**
*Sherman v. Knott's Berry Farm; et al.*
County of Orange Superior Court, Case No. 30-2022-01283869-CU-PO-CJC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1960 E. Grand Ave., Ste. 1260, El Segundo, CA 90245 and my electronic service address is michelle.goldstein@fmglaw.com.  On July 17, 2023, I served the foregoing document(s)  entitled:  **DEFENDANT KNOTTS BERRY FARM, LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Darren M. Richie<br>Antonio Castillo III<br>DRE LAW, APC<br>222 North Canon Drive, Suite 201<br>Beverly Hills, California 90210<br>Tel:  (213) 265-7888<br>Fax: (844) 314-1380<br>darren@dre.law<br>antonio@dre.law<br>megan@dre.law | *Attorneys for Plaintiff*<br>CELENA SHERMAN & JALEN SHERMAN |

☐   **BY MAIL:** I deposited such envelope(s) in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed as set forth  above.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at El Segundo, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT DELIVERY:**  I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of FREEMAN MATHIS & GARY, LLP and addressed as set forth above, for collection and delivery by FEDEX to receive said documents, with delivery fees provided for.  I am readily familiar with the firm's practices of collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by FEDEX on said date in the ordinary course of business.

☐   **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) set forth above.

☒   **BY ELECTRONIC MAIL:** By Transmitting a true and correct copy of the foregoing document(s) to the e-mail address(es) set forth above.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on July 17, 2023, at El Segundo, California.

*/s/ Michelle Goldstein*
_____
Michelle Goldstein

Freeman Mathis
& Gary, LLP
Attorneys at Law

*EXHIBIT "K"*

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Tory Pankopf Esq. (SBN 202581)<br>DRE, A.P.C.<br>222 N. CANON DR., STE. 201<br>BEVERLY HILLS, CA. 90210<br><br>TELEPHONE NO.: (213) 265-7888          FAX NO. *(Optional)*: (844) 314-1380<br>E-MAIL ADDRESS: tory@dre.law<br>ATTORNEY FOR *(Name)*: CELENA SHERMAN, Plaintiff | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 W. CIVIC CENTER DR.
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA. 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: CELENA SHERMAN, ET AL

DEFENDANT/RESPONDENT: CITY OF BUENA PARK, ET AL

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br><br>*(Check one):*  [x] **UNLIMITED CASE**     [ ] **LIMITED CASE**<br>(Amount demanded              (Amount demanded is $25,000<br>exceeds $25,000)              or less) | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 8,2024          Time: 9:00 AM          Dept.: C25          Div.:          Room:

Address of court *(if different from the address above):*

[x]  **Notice of Intent to Appear by Telephone,** by *(name):* TORY PANKOPF ESQ

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* PLAINTIFFS CELENA SHERMAN AND JALEN SHERMAN
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 27, 2022
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x] The following parties named in the complaint or cross-complaint
      (1) [x] have not been served *(specify names and explain why not):*
              OC Sheriff's Offices...Improperly named and Request for dismissal has been filed.
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [x] complaint     [ ] cross-complaint     *(Describe, including causes of action):*
      Discrimination- Unruh Civil Rights Act-Retaliation-Negligence; Intentional infliction of emotional distress; negligent infliction of emotional distress; unlawful detention; false imprisonment;

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

CM-110

| PLAINTIFF/PETITIONER: CELENA SHERMAN, ET AL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITY OF BUENA PARK, ET AL | 30-2022-01283869-CU-PO-CJC |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
While with her son at Knott's Berry Farm, Plaintiff had dinner at one of the amusement park's restaurants. Plaintiff proceeded to pay for her meal with a $100 bill and was unjustly accuse of trying to pass a counterfeit bill. Police were called and plaintiff was detained for 5 hours until it was determined the bill was real.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 5-7 days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:          f. Fax number:

e. E-mail address:          g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. September 1, 2021]  **CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: CELENA SHERMAN, ET AL | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CITY OF BUENA PARK, ET AL | 30-2022-01283869-CU-PO-CJC |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  CELENA SHERMAN, ET AL<br>DEFENDANT/RESPONDENT:  CITY OF BUENA PARK, ET AL | CASE NUMBER:<br>30-2022-01283869-CU-PO-CJC |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes  ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case  *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy  ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | by code |
| Plaintiffs | Depositions | by code |
| Plaintiffs | Expert Depositions | by code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  CELENA SHERMAN, ET AL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CITY OF BUENA PARK, ET AL | 30-2022-01283869-CU-PO-CJC |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
The parties have not had the opportunity to meet and confer. Plaintiff's prior counsel left the firm and the case was just recently reassigned to Tory Pankopf Esq. who is in the process of becoming familiar with the case in order to proceed toward settlement discussions with OPC.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 12/22/2023

Tory Pankopf Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

**Page 5 of 5**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |

# *EXHIBIT "L"*

**CIV-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME:  Tory Pankopf Esq.          STATE BAR NUMBER:  202581<br>FIRM NAME:  DRE, APC<br>STREET ADDRESS:  222 N. Canon Dr., Ste. 201<br>CITY:  Beverly Hills,          STATE:  Ca    ZIP CODE:  90210<br>TELEPHONE NO.:  (213) 265-788      FAX NO.:  (844) 314-1380<br>E-MAIL ADDRESS:  tory @dre.com<br>ATTORNEY FOR *(name)*:  Celena Sherman | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana, Ca. 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: CELENA SHERMAN, ET AL
DEFENDANT/RESPONDENT: CITY OF BUENA PARK, ET AL

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>30-2022-01283869-CU-CJC |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☐ Complaint  (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name)*:                    on *(date)*:
   (4) ☐ Cross-complaint filed by *(name)*:                    on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other  *(specify):*\* Orange County Sheriff's Department -Only

2. *(Complete in all cases except family law cases.)*
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 12/22/2023

Tory Pankopf Esq.
_____
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)
\*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed

▶ *(signature)* Tory Pankopf
_____
(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.\*\*
   Date:

_____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)
\*\* If a cross-complaint  - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶
_____
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

4. ☐ Dismissal entered as requested on *(date)*:
5. ☐ Dismissal entered on *(date)*:              as to only *(name)*:
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified  on *(date)*:
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

Date:              Clerk, by              , Deputy

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |

**CIV-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  CELENA SHERMAN, ET AL | CASE NUMBER:<br>30-2022-01283869-CU-CJC |
| DEFENDANT/RESPONDENT:  CITY OF BUENA PARK, ET AL | |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):*   ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ► _____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

# *EXHIBIT "M"*

```
OHIO SECRETARY OF STATE                          CHARTER NUMBER:   911455
PROCESSING STATEMENT                             ROLL AND FRAME: 5207-0136
07/20/95
                                                 05207-0136

 CORPORATION:                           DOCUMENT NUMBER    CODE         FEE
                                        ---------------    ----         ---
 CEDAR FAIR, L.P.                        · 95063060201     CLP       NO FEE



           006681

   RETURN TO: CEDAR FAIR                            TOTAL :
            P O BOX 5006
            SANDUSKY OH 44871-8006
                                                                    0511
```



05207-0137

# The State of Ohio

## Bob Taft

Secretary of State

911455



# Certificate

**It is hereby certified** that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous

Filings; that said records show the filing and recording of:

CLP

of:

CEDAR FAIR, L.P.

United States of America
State of Ohio
Office of the Secretary of State

Recorded on Roll         at Frame         of
the Records of Incorporation and Miscellaneous Filings.
5207                    0138

Witness my hand and the seal of the Secretary of State at

Columbus, Ohio, this      day of           ,
                    30TH           JUNE
A.D. 19      .
        95



*Bob Taft*

**Bob Taft**
Secretary of State

05207-0138

Prescribed by
Bob Taft, Secretary of State
30 East Broad Street, 14th Floor
Columbus, Ohio 43266-0418
Form CLP (July 1994)

Approved _T B_
Date _6 30 95_
Fee   $85* *to fee*
      *950630062 01*

## CERTIFICATE OF LIMITED PARTNERSHIP

The undersigned, desiring to form a limited partnership in accordance with Ohio Revised Code Chapter 1782, do hereby certify as follows:

1.  The name of the limited partnership shall be _Cedar Fair, L.P._
    <div style="text-align:center">(See instruction #1 regarding name)</div>

2.  The address of the principal place of business of the partnership shall be:

    _One Causeway Drive_
    <div style="text-align:center">(street and number)</div>

    | _Sandusky_ | _OH_ | _44870_ |
    |---|---|---|
    | (city, village or township) | (state) | (zip code) |

3.  The name and address of the limited partnership's agent for service of process in Ohio is:

    | _Richard L. Kinzel_ | _One Causeway Drive_ |
    |---|---|
    | (name of agent) | (street and number) |

    | _Sandusky_ | _OH_ | _44870_ |
    |---|---|---|
    | (city, village or township) | (state) | (zip code) |

4.  The **name** and business or residence **address** of each **GENERAL PARTNER** is:

    | Name | Address |
    |---|---|
    | --Cedar Fair Management Company | |
    | P.O. Box 5006 | |
    | Sandusky, Ohio  44871-8006 | |
    | --CF Partners | |
    | P.O. Box 5006 | |
    | Sandusky, Ohio  44871-8006 | |

    *(If insufficient space to cover this item, please attach additional sheet)*

05207-0139

5.    The undersigned hereby certify that this limited partnership has been in existence since _____May 13, 1983_____, and that this certificate is being filed solely to
        (date of filing with county recorder's office)
comply with Ohio Revised Code Section 1782.63(A)(1).

        **The foregoing item 5 is to be completed, and is applicable ONLY IF the subject limited partnership was in existence prior to July 1, 1994.  If not applicable, please insert "N/A" in the blank designated for the pre-existing date.**

6.    Other provisions (optional):

*(If insufficient space for additional provisions, please attach a separate sheet)*

**IN WITNESS WHEREOF,**  the undersigned have caused this Certificate to be executed this __26th__ **day of** ___June_____, 19 _95_ .

CF PARTNERS, Special General Partner    CEDAR FAIR, MANAGEMENT COMPANY, Managing
                                                                                                    General Partner

By: _Mary Ann Jorgenson_                        By: _____
Mary Ann Jorgenson, Trustee                    Bruce A. Jackson, Vice President
*(If insufficient space for all signatures, please attach a separate sheet containing additional signatures)*

## INSTRUCTIONS

1.    Pursuant to ORC 1782.02, the name of the limited partnership must include the words "Limited Partnership", "L.P.", "Limited", or "Ltd.", and shall NOT contain the name of a limited partner unless either of the following are true:
       a.    It is also the name of a general partner;
       b.    the business of the limited partnership had been carried on under
           that name before the admission of that limited partner.

2.    Pursuant to ORC 1782.01(H), a limited partnership must be created by a minimum of two persons.  The certificate must be signed by all General Partners.

3.    *If this certificate of limited partnership is being filed solely to comply with the provisions of Ohio Revised Code Section 1782.63(A)(1), then no filing fee is required.

[Ohio Revised Code Section 1782.08]

Form CLP



E. Jackson

**Cedar Fair L.P.**
Post Office Box 5006
Sandusky, OH 44871-8006

CERTIFIED
P 398 599 134
MAIL

Bob Taft, Secretary of State
30 East Broad St., 14th Flr.
Columbus, OH   43266-0418

**PROOF OF SERVICE**
*Celena Sheman; et al. v. City of Buena Park; et al.*
Case No. _____

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1960 E. Grand Avenue, Suite 1260, El Segundo, CA 90245.  On January 5, 2024, I served the within document(s) described as:  **DECLARATION OF SEAN B. GIBBONS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as stated below:

| DRE LAW, APC<br>Darren M. Richie, Esq.<br>Antonio Castillo III, Esq.<br>Farbod Faizai, Esq.<br>222 North Canon Drive, Suite 201<br>Beverly Hills, CA 90210 | Attorneys for:<br><br><br><br>Telephone:<br>Fax:<br>Email: | *Plaintiffs* CELENA SHERMAN, an individual; JALEN SHERMAN, a minor, by and through his Guardian Ad Litem, CELENA SHERMAN<br><br>213-265-7888<br>844-314-1380<br>darren@dre.law<br>antonio@dre.law<br>farbod@dre.law |
|---|---|---|

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the documents to be sent from e-mail address Sharlen.Campbell-Clements@fmglaw.com to the persons at the email addresses listed in the Service List.

☒ **BY MAIL:** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on January 5, 2024, at El Segundo, California.

*SdCampbell-Clements*
Sharlen D. Campbell-Clements

Freeman Mathis
& Gary, LLP
Attorneys at Law

DECLARATION OF SEAN B. GIBBONS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT